### FLOWER & AL. vs. SWIFT.

APPEAL from the court of the eighth district, the judge of the seventh presiding.

MARTIN, J. delivered the opinion of the court. The defendant, who is executor of M'Elroy, took from a debtor of his testator, a note payable to the estate, or order, and indorsed it to the plaintiff, adding to his name on the endorsement, the words *executor of*

8ns449
50 1188

Witnesses cannot be examined after the day stated in the notice for their examination.

8 N S 449
111 592

VOL. VIII. (N. S.)      57

*M'Elroy.* The note was duly protested, due notice was given him; he resisted the claim, but judgment was given against him, as endorser of the note, and he appealed.

His counsel has drawn our attention to two bills of exceptions. The first is, to the opinion of the court below, who sustained the plaintiff's opposition to the reading of testimony, taken after the day from which the commission was made returnable.

The party against whom testimony is intended to be used, is informed by the notice of the day on which the commission is made returnable, that it is not to be taken *after* that day. He may therefore rightly conclude, that his adversary declines examining witnesses, not brought before the commissioners at such a period. He has a right to be present at the examination and when through the negligence of his adversary, he is deprived of that right, he may oppose the reading of the testimony so tardily taken.

The other bill was taken to the rejection of the testimony, taken down in writing in the court of probates, in a suit erroneously brought there between the same parties, as the court was without jurisdiction.

We think the testimony was properly re-
jected.    Proceedings before a court, or judg-
es,  who  have  no jurisdiction of the matter,
*ratione  materiæ*, are  absolutely   *coram
non judice.*    An oath taken in such a case,
is in  law a nullity;  it cannot prejudice any
one.    We have  been  referred to *Moreau's
Digest, Crimes*, art. 365, 16 and 17, but can-
not adopt the construction for which the ap-
pellant's counsel contends, and in which he
invokes the authority of Kerr's exposition,
and under  which he argues, that a court  or
magistrate, having authority to administer
oaths, in certain cases, perjury may  be com-
mitted in an oath  taken before it or him, in a
case in  which he is without authority or ju-
risdiction.

On the merits, the appellant's  counsel has
urged, that the paper sued on, is not a prom-
issory note, but the mere acknowledgement of
a debt due the estate; that  the transfer  of it
entitles the appellee to recover what is due to
the estate  by the maker of the note ; the ap-
pellant having endorsed the note in his  capa-
city  of executor, is not *personally* liable.

We are of opinion the  district judge  did
not err, in  considering the endorsement as a

Eastern District.
*January*, 1830.

FLOWER & AL.
*vs.*
SWIFT.

new contract, the drawing of a bill of exchange. Such a contract is not in the scope of an executor's authority, i. e. he cannot thereby bind the estate to pay damages or even to refund the amount of the note; for if he could, he could ruin the estate, by making it liable to pay the amount of notes of its insolvent debtors. As the executor cannot bind the estate by endorsement, it follows, that the liability resulting from those he makes, is personal.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Hennen* for plaintiffs, *Workman* for defendant.